## Case No. 8,381.

### LIPPINCOTT v. KELLY.

[1 West. Law J. 513.]

Circuit Court, W. D. Pennsylvania. June. 1844.

PATENTS—VALIDITY OF WOODWORTH'S PATENT FOR A PLANING MACHINE.

[It is not enough that some very skillful artisan is able, from the specifications and drawings of a patent, to make and use the machine; these drawings and specifications must be so clear, full, and exact, as to enable persons of ordinary skill in the art to which it pertains to make and use the machine.]

This was an action by William Lippincott, assignee, to recover damages for the infringement of W. Woodworth's patent for planing, tonguing and grooving boards, planks, &c., and for reducing the same to an equal width. This patent had issued December 27, 1828. The patentee died in 1839, and his administrator procured on the 16th November, 1842, an extension of the patent for seven years, as authorized by the act of 1836. The plaintiff shewed the patent, the certificate of extension, the power of attorney, from the administrator to James G. Wilson, to sell, an assignment by Wilson to the plaintiff for Allegheny county, Pa., and evidence to shew infringement by defendant. Defendant gave evidence of the ambiguity of the specification and drawing, and that it was not, as required by the act of congress, so full, clear, and exact, as to enable any person skilled in the art to which it pertains, to make and use the invention, and that the machine used differed from the one described. To giving the patent in evidence, it was objected—that the specification and drawing were void for ambiguity; that they contained no references, on the oath of the inventor; that they did not specify what was claimed; and that the patent had not been re-recorded under the eighth section of

the act of 1837 [5 Stat. 193]. These objections were overruled. The certificate of extension was objected to—that the letters of administration should be shewn, which was done; then, that it was not and did not profess to be a full copy of the record; that it did not contain the decision of the commissioners awarding the extension; and that the right of extension did not apply to administrators. These objections were overruled.

The defendants, owing, as we understood, to the unexpected absence of the person who had served the notice of the matters of defence, were precluded from offering evidence of the invention not being novel, and that it had been, prior to the patent, described in printed publications; but the plaintiff, to rebut the evidence of the ambiguity, as urged and pretended by defendants, having read a deposition referring to a machine somewhat similar, in the tenth volume of the Repertory of Arts, in 1793, the court, on argument, permitted that work, as well as Emmons' patent in 1829, also mentioned in the deposition, to be read by defendants, to shew that the witness was wrong in the description of them, to weaken his credit. The court said they would reserve the point how far the publication could be admitted to shew priority of invention; or that the patent was too broad, as was insisted upon by defendants. This induced the defendant to offer in evidence a disclaimer, by W. W. Woodworth. the administrator, dated 2d January, 1842, which was five days after the fourteen years had expired, and nearly two months after the certificate of extension. The plaintiff also gave evidence to shew that the specification and drawing were sufficiently intelligible. The defendants shewed an assignment of the patent to James Strong for one half of his invention, dated before the patent; an assignment of Emmons of his patent, 16th May, 1829, to Twogood, Halstead & Tyack, and an agreement for a sectional division of the Emmons and Woodworth patent, giving to the assignees of Emmons in part the Southern and Southwestern states; and an assignment. by the plaintiff, of one of Woodworth's machines, in October, 1841.

Biddle & Judson, for plaintiff.
Forward & Dunlap, for defendant.

The defendant's counsel asked the court to charge the jury, that the patent was void for the reason stated, that there was a want of discrimination between the old machine. not claimed, and the new invention; which the court refused to do. The court further charged on the points made by defendant's counsel, that if the jury believed the specification and drawing were not so clear, full, and exact, as to enable one skilled in the art to which it pertains, to make and use such a machine, they should find for the defendants, and say so in their verdict; that such clearness must be a reasonable one; that it

was not enough if some very skillful artisan could make and use it, but persons of ordinary skill; that the person so skillful must be able not only to construct but to use it for a useful purpose. That the carriage was not an essential part of the machine. That the mode and structure by which the power was communicated to the operating tool, need not be set forth. That it was not necessary to describe the manner of fastening the plank on the carriage. That the printed publication for want of proof of notice could not be used to show priority of invention. That the patent did sufficiently distinguish the new from the old invention. They refused to charge that there was proof that the patent was too broad.

The counsel for the defendant further requested the court to charge the jury, that the patent did not claim for a combination of the planing, tonguing, and grooving wheels, but for the use of them separately. That this action could not be maintained by the plaintiff alone. THE COURT thought the claim was not for a combination, and that the action lay in the name of the sectional assignee.

THE COURT were inclined to consider the disclaimer as unreasonably delayed under the ninth section of the act of 1837, but left that question to the jury. They inclined also to the opinion that the disclaimer as required by the seventh section, should have not only disclaimed what was not claimed as new, but should also have distinctly set forth what part of the invention was still claimed, as it was manifestly designed to act as a new specification.

Verdict for defendant.

[For other cases involving this patent. see notes to Bicknell v. Todd. Case No. 1,389, and Gibson v. Van Dressar, Id. 5,402.]